lars; and he also proved, at the same time, a debt of the same amount against said bankrupt, as a member of the late firm of Montgomery & Sage. On the application of the assignee in this matter, an order had been granted requiring the said James B. Olney to appear before the undersigned on or about the 6th day of October last past, and submit to an examination in regard to his said claim. Sundry other creditors were also ordered to appear at the same time and be examined as to their several claims. The said James B. Olney was in attendance as solicitor of one or more of such creditors, and the proceedings were, from time to time, adjourned until the day above-named, before the case of said James B. Olney was taken up. Said Olney was then examined by the solicitor for the assignee on his own claim, and moved upon his own evidence, and upon an affidavit, for leave to amend his proof of claim. This was objected to by the solicitor for the assignee upon the grounds: First. It is too late. The original proof of claim having been made on the 28th day of May, 1869, and no application for amendment having heretofore been made. Second. Also upon the ground that an order upon him to testify in regard to this claim having been made prior to the 6th day of October, 1869, and there having been two or more meetings since that time, and no application having been made prior to this time, it is now too late for the register to entertain the motion to amend, and especially after testimony has been given in the case. I respectfully submit the question thus presented for the decision of his honor the district judge.

[I think the amendments should be allowed if amendments of proofs of debts are permissible under the bankrupt law [of 1867 (14 Stat. 517)]. Section 22 regulates the mode of proving debts, and provides that the court may, on application of the assignee, or any creditor, or of the bankrupt, or on its own motion, examine the bankrupt upon oath, or any person tendering, or who has made proof of claims concerning the debt sought to be proved, and shall reject all claims not duly proved, etc. Under this section it has been held that the court has, at all times, full control of all proofs of debts and the right to entertain objections to the validity of the debts or the proofs thereof. In re Patterson [Case No. 10,815]; In re Jones [Id. 7,447]. It is the policy and purpose of the law to do equal and exact justice between the estate of the bankrupt and creditors, and this provision should be construed to confer upon the court ample power to investigate a claim at any stage of the proceedings, and to make any correction equity and justice demand; not only to reduce the amount if it is too large, but also to increase it if, through inadvertence, it is smaller than by right it should be. Questions of amendment address themselves to the equitable consideration of the court, and great discretion is exercised in disposing of them. In Re Brand [Id. 1,809], it was held that a creditor who had

inadvertently prejudiced his rights by making proof in an improper form, should be allowed to withdraw it, and amend or resubmit it in proper form. See section 1, Bankrupt Act. When proof is defective, a party will not only be allowed, but will be required, to amend it. In re Lowere [Case No. 8,577]; In re Myrick [Id. 9,999]. I think, therefore, an order should be entered in this matter, allowing the creditor to file supplemental proof of claim corresponding with the facts set forth in his affidavit.] [3]

BLATCHFORD, District Judge. The decision of the register is correct.

[NOTE. This case was subsequently heard upon motion of assignee to strike out Jonathan B. Cowles' proof of debt. Case No. 9,730. The priorities of creditors were determined in Case No. 9,727. It was again heard upon application of Thomas Montgomery to be allowed to file amended proof of claim. Id. 9,731.]

---

## Case No. 9,730.

### In re MONTGOMERY.

[3 Ben. 567; [1] 3 N. B. R. 426 (Quarto, 108).]

District Court, S. D. New York. Dec. 11, 1869.

BANKRUPTCY—PROOF OF CLAIM—NOTE—NEW NOTE GIVEN AFTER ADJUDICATION — OLD DEBT EXTINGUISHED.

Where a creditor had proved a claim as endorser upon a note made by the bankrupt, but it appeared that, after the adjudication of bankruptcy, a new note had been given, and the first note taken up: *Held*, that the proof of debt must be disallowed.

[Cited in Re Parkes, Case No. 10,754; Re Broich, Id. 1,921; Re Merrill, 21 Fed. 121.]

[This case was formerly heard upon application of bankrupt's attorney to be paid counsel fees. Application allowed. Case No. 9,726. It was again heard upon motion of assignee to strike out claim of Baldwin Griffin, a preferred creditor, who had voluntarily surrendered his preference. Motion allowed. Id. 9,728. It was again heard upon motion of James B. Olney, a creditor, to be allowed to file supplemental proof. Id. 9,729.]

By THEODORE B. GATES, Register:

[2] [Jonathan B. Cowles, a supposed creditor of the above-named bankrupt, filed proof of a contingent claim against the said bankrupt on the 24th day of March, 1869. The claim is based upon a note made by [Henry B.] Montgomery on the 24th day of December, 1868, for five hundred dollars, indorsed by said Cowles, and at the time of the proof, held by the Farmers' National Bank of Catskill, where it had been discounted. The assignee in this matter obtained an order for the examination of said Cowles, and his evidence, on such examination, having been taken, the following facts seem to be established

---

[3] [From 3 N. B. R. 423 (Quarto, 108).]
[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [From 3 N. B. R. 426 (Quarto, 108).]

by the evidence, namely: On January 8, 1869, Montgomery made his note for five hundred dollars, payable to his own order three months after date, at the Farmers' National Bank, Catskill; the note was indorsed by H. B. Montgomery, Baldwin Griffin, and J. B. Cowles, in the order stated. That note existed and was owned by the Farmers' National Bank of Catskill, where Montgomery was adjudicated a bankrupt, and where said Cowles proved his claim thereon. The note subsequently fell due, and was protested for non-payment. On the 19th day of July, 1869, five months after Montgomery was adjudicated a bankrupt, a new note was again, for the same amount, made by Montgomery, and payable three months after date to the order of Baldwin Griffin, at the Farmers' National Bank. This note was indorsed by Baldwin Griffin, J. B. Cowles, and A. C. Cowles, and was used to take up the first-named note. This second note was protested for non-payment, and on the 19th day of October, 1869, another note was made for four hundred and fifty dollars, signed by Baldwin Griffin, to the order of J. B. Cowles, and indorsed by J. B. Cowles and A. C. Cowles, Montgomery's name not appearing on the paper. This note, together with fifty dollars in money advanced by J. B. Cowles, was used to pay the second note. [Case No. 9,726.] This last note will fall due on the 20th of January, 1870. Upon the evidence in the case the solicitor for the assignee moved to strike out Cowles' proof of claim upon the ground, First. The claimant being second indorser, and only liable upon Griffin's failure to pay, is not entitled to prove the claim.

[I think that Mr. Cowles would have been entitled to prove his claim upon the original note under the 6th clause of section 19 of the bankrupt law [of 1867 (14 Stat. 525)], by way of security against the possible irresponsibility of any of the parties personally liable, and then his right to share in the dividends would depend upon his having paid any or all of the note. But the real difficulty in the way of Mr. Cowles proving a debt upon the note seems to me to grow out of transactions subsequent to the maturity of the first note, which is doubtless the one Mr. Cowles based his proof upon, although he makes a mistake as to the date of it. From the moment a debtor is adjudicated a bankrupt, he is effectually separated from his estate and his contracts. These pass to the assignee, who becomes the trustee of the estate for the benefit of the creditors. The bankrupt may, after his adjudication, make new contracts and acquire property which his former bankruptcy does not affect, and which his creditors (if he is finally discharged) cannot reach. See cases cited at note 6, p. 53, Bump, Bankr. (2d Ed.). If, then, a creditor of the bankrupt shall, after the adjudication, accept a new obligation from the bankrupt in substitution of the debt existing at the time of the filing of the petition, he relinquishes his claim upon the estate of the bankrupt, and must look to his debtor alone for payment of his demand. In this case, Montgomery's note for five hundred dollars, indorsed by Griffin and Cowles, would have been provable by either Griffin, or Cowles, or by the bank, against the estate, and was so proven by Cowles; but subsequently the bankrupt and all the parties to this note agree to make a new note, with which to pay the old and overdue note at the bank. The bank accepts the new note, and surrenders the old. The original debt was thereby extinguished, and the liability ceased to be a proper claim upon the estate of the bankrupt. The discharge of Montgomery will not release him from this debt, and whoever finally pays this note may maintain an action against Montgomery for it upon showing the facts herein recited. Section 19 of the bankrupt act provides "that all debts due and payable from the bankrupt at the time of the adjudication of bankruptcy, and all debts then existing, but not payable until a future day, * * * may be proved against the estate of the bankrupt." But the debt must continue to exist in the exact condition in which it was when the debtor was adjudicated a bankrupt. If he and his creditor bargain about it, after that time, and give it any essential modification, they detach it from the beneficial operation of the law, and carry it over to the new estate in which the debtor has been placed by the adjudication of bankruptcy. In re Williams [Case No. 17,705] it was held that when a judgment is rendered after the proceedings in bankruptcy upon a debt which existed before that time, neither the debt nor the judgment is provable. The debt is merged in the judgment, and the judgment did not exist at the time of the adjudication of bankruptcy.

[I am of the opinion that the proof of debt filed by Jonathan B. Cowles should be stricken out, and that no dividends should be paid upon it.] [2]

BLATCHFORD, District Judge. The decision of the register is correct.

[NOTE. This case was subsequently heard upon the question of the priorities of creditors. Case No. 9,727. It was again heard upon application of Thomas Montgomery to be allowed to file amended proof of claim. Id. 9,731.]

---

## Case No. 9,731.

### In re MONTGOMERY.

[3 N. B. R. 430 (Quarto, 109).] [1]

District Court, S. D. New York. Dec. 24, 1869.

BANKRUPTCY—MOTION TO AMEND PROOF—NOTES —NEW NOTES GIVEN—PROOF BY MISTAKE.

Where a creditor proved claims on two old promissory notes, and then applied to amend proof so as to show that a new note had been given in a settlement, in which said two notes

2 [From 3 N. B. R. 426 (Quarto, 108).]
1 [Reprinted by permission.]